IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERRY LEE CRAIG, and )<br>BRADLEY SHAWN CRAIG, )<br>)<br>Defendants. ) | No. 2:18-CR-105-RLJ-HBG |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant Jerry Craig's Motion to Continue Pretrial Motion Hearing, Final Pretrial Conference, Plea Deadline, and Trial Date [Doc. 83], filed on June 4, 2019. In this motion, Defendant Craig states that he was unable to prepare for a motion hearing on June 10 because, on his way to meet with counsel on May 30, he experienced stroke-like symptoms, which required that he be hospitalized. Defendant Jerry Craig relates that he has had difficulty walking following this episode and that he will meet with his primary care physician in the near future to learn of the time needed for treatment. Counsel for Defendant Jerry Craig states that she has not been able to meet with him to review the Government's responses to motions and to prepare for the motion hearing, due to the Defendant's health issues. The motion maintains that neither the Government, nor counsel

for Codefendant Bradley Craig, object to the requested continuance.

The parties appeared for a hearing on the motion to continue on June 10, 2019.[1] Assistant United States Attorney Andrew Cheatham Parker and Intern Hunter Shelton participated on behalf of the Government. Assistant Federal Defender Nikki C. Pierce represented Defendant Jerry Craig. Attorney David L. Leonard represented Defendant Bradley Craig. The parties confirmed their positions, as stated in the motion. Ms. Pierce said that Defendant Jerry Craig was admitted to the hospital for a suspected stroke and underwent testing. Ms. Pierce stated that although the Defendant did not have a full-blown stroke, he continued to have health issues related to his recent symptoms. She stated that his primary care physician prescribed three weeks of therapy for the Defendant and recommended that he not appear in court during that time. She asserted that Defendant Jerry Craig was waiving his speedy trial rights in relation to the motion.

Mr. Leonard stated that he discussed the motion with Defendant Bradley Craig, who also waives his speedy trial rights with regard to the motion. Mr. Leonard said that Defendant Bradley Craig is presently in custody serving a state sentence and is presently undergoing chemotherapy. He said that his client joins in the motion to continue the trial.

AUSA Parker stated that he had discussed the motion with Defendant Jerry Craig's counsel and that the Government did not object to the motion. The parties agreed to continue the motion hearing to August 6, 2019, at 10:00 a.m., and on a new trial date of

---

[1] The Court excused both Defendants from appearing at the hearing.

December 10, 2019.

The Court finds Defendant Jerry Craig's motion to continue the trial and other deadlines to be unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The sixteen-page Indictment [Doc. 1] charges the Defendants with forty-eight counts: One count of transporting stolen goods in interstate commerce, sixteen counts of altering or removing vehicle identification numbers, twenty counts of sale or receipt of stolen vehicles, nine counts of being a felon in possession of firearms or ammunition, one count of possession of a stolen firearm, and one count of trafficking in counterfeit goods (operating a chop shop). The Court has previously found [Doc. 31] this case to be complex for purposes of the Speedy Trial Act, due to the nature of the instant prosecution with respect to the number and complexity of the charges, the voluminous discovery, and the anticipated dispositive motions. 18 U.S.C. § 3161(h)(7)(B)(ii). Defendants have now filed fifteen pretrial motions including four motions to suppress evidence. Responses to these motions were filed primarily in mid-May. The Court finds that Defendant Jerry Craig needs time to prepare for the motion hearing with counsel.

After a motion hearing on the pending motions, the Court will need time to prepare reports and recommendations on the dispositive motions and to rule on the non-dispositive motions. 18 U.S.C. § 3161(h)(1)(H). Thereafter, the parties will need time to file and respond to objections to the reports and recommendations, and the District Judge will need time to rule. 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to

3

prepare the case for trial in light of the rulings on motions. Given the number and complexity of the issues raised in the pretrial motions, the Court finds that counsel cannot be prepared for trial on July 30 or in less than six months. Thus, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Jerry Craig's motion to continue the trial and schedule [**Doc. 83**], which has been joined by Defendant Bradley Craig, is **GRANTED**, and the trial is reset to **December 10, 2019**. The Court finds that all the time between the filing of the motion on June 4, 2019, and the new trial date of December 10, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the parties are to appear before the undersigned in Greeneville, Tennessee, for a motion hearing on all pending pretrial motions on **August 6, 2019, at 10:00 a.m.** A final pretrial conference is set for **November 26, 2019, at 11:00 a.m.**, and will be conducted by video teleconference. This date is also the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **November 25, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **December 2, 2019,** and shall be supported by citations to authority pursuant to Local Rule 7.4.

The Court **ORDERS** as follows:

(1) Defendant Jerry Craig's Motion to Continue Pretrial Motion Hearing, Final Pretrial Conference, Plea Deadline, and Trial Date [**Doc. 83**] is **GRANTED**;

4

(2) The trial of this matter is reset to commence on **December 10, 2019**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **June 4, 2019**, and the new trial date of **December 10, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned at the James H. Quillen United States Courthouse in Greeneville, Tennessee, for a motion hearing on all pending pretrial motions on **August 6, 2019, at 10:00 a.m.**;

(5) Motions *in limine* must be filed no later than **November 25, 2019**;

(6) The Court will hold a final pretrial conference by video teleconference on **November 26, 2019, at 11:00 a.m**. This date is also the new deadline for concluding plea negotiations and providing reciprocal discovery; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **December 2, 2019**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge