UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-105-RLJ-HBG |
| | ) | |
| BRADLEY SHAWN CRAIG, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The Defendant Bradley Shawn Craig appeared before the undersigned on August 6, 2019, for a hearing on the Petition for Action on Conditions of Pretrial Release [Doc. 87]. Assistant United States Attorneys Andrew C. Parker, Robert Reeves and Intern Hunter Shelton appeared on behalf of the Government. Attorney David Leonard represented the Defendant, who was also present. On September 6, 2018, United States Magistrate Judge H. Bruce Guyton, placed the Defendant on conditional release pursuant to an Order Setting Conditions of Release [Doc. 16]. The conditions of the Defendant's release include that he not commit any other federal, state, or local crime, that he avoid contact with potential witnesses in his case, that he abide by home detention, and that he have no contact with known convicted felons. The Government moved to revoke the Defendant's pretrial release, contending that the Defendant committed multiple violations of his conditions.

At the August 6, 2019 revocation hearing, the Government presented the testimony of Donna Simcox, the Defendant's aunt. Simcox testified that the Defendant assaulted her inside of the residence of Jerry Craig, a co-defendant in this case and a person known to the Defendant to be a convicted felon. Simcox testified in detail as to the events of the assault, which she testified

occurred on July 27, 2019. The Court credits the testimony of Simcox, and based thereon finds that the Defendant did violate a state criminal law, specifically, T.C.A. § 39-13-101 "Assault", at subpart (a)(2): A person commits assault who intentionally or knowingly causes another to reasonably fear imminent bodily injury.

The Court also finds that the Defendant violated the conditions of release by being in the residence of Jerry Craig, a known convicted felon and co-defendant in this case. Further, the Defendant clearly violated the home detention condition of his release. United States Probation Officer Jessica Early testified as to these violations, and the Court credits her testimony. These violations were shown by clear and convincing evidence.

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

In the instant case, the Court has conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant violated the terms of his pretrial release and, if a violation has occurred, whether sanctions are appropriate. The Court finds probable cause to believe that the Defendant has committed the above stated violations.

The Court finds that no condition or combination of conditions of release exist that will assure that the Defendant will not pose a danger to the safety of any other person or the community, or continue to commit violations. *See* 18 U.S.C. § 3148(b)(2). Accordingly, the Defendant's Order Setting Conditions of Release [**Doc. 16**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await his trial, which is presently scheduled for **December 10, 2019**. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge