IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:18-CR-105-RLJ-HBG |
| JERRY LEE CRAIG, and ) | |
| BRADLEY SHAWN CRAIG, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the undersigned on April 27, 2020, for a telephonic pretrial conference. Assistant United States Attorney Andrew Cheatham Parker participated by telephone on behalf of the Government. Assistant Federal Defenders Nikki C. Pierce and George Nicholas Wallace appeared by telephone, representing Defendant Jerry Craig. Attorney David L. Leonard appeared by telephone on behalf of Defendant Bradley Craig. Both Defendants were excused from the hearing. United States Probation Officer Jessica Earley also participated by telephone.

The Court informed the parties that due to the Court's standing orders suspending all jury trials through May 30, 2020, the May 12 trial date in this case must be reset. AUSA Parker and Ms. Pierce did not oppose a trial continuance. Mr. Leonard asked that Bradley Craig's objection to a trial continuance be noted in the record. The parties agreed on a new trial date of October 6, 2020.

On March 16, 2020, Chief United States District Judge Pamela L. Reeves entered Standing Order 20-06, which provides as follows:

> Given that the World Health Organization has declared the Coronavirus Disease 2019 (COVID-19) a pandemic, that the Governor of the State of Tennessee has declared a public health emergency throughout the state in response to the spread of COVID-19 and given that the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, it is hereby ORDERED that, effective immediately:
>
> . . . .
>
> 2. Subject to any exceptions identified [in this Order], all civil and criminal jury trials scheduled to commence from March 16, 2020 through April 24, 2020, before any district or magistrate judge in any division in the Eastern District of Tennessee are **CONTINUED**, except as otherwise ordered by the presiding judge. . . . .
>
> 3. With regard to criminal jury trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the risks posed to the jurors and the public, the time period of the continuances implemented by this Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)A).

E.D.TN. SO-20-06. On April 15, 2020, Chief Judge Reeves issued SO-20-11, extending the April 24 deadline in SO-20-06 to May 4, 2020, because "the COVID-19 pandemic continues and . . . the Governor of Tennessee has extended the state-wide "Stay-At-Home" order through May 1, 2020[.]" On April 27, 2020, Chief Judge Reeves extended the May 4 deadline to May 30, 2020, in SO-20-12, based upon the continuation of the COVID-19 pandemic and "guidance from the CDC as well as federal, state, and local public health authorities[.]" Thus, the trial of this case cannot occur on May 12, 2020.

Moreover, the Court finds that a five-month continuance of the trial date is warranted, due to the need to complete litigation of the Defendants' pending pretrial motions. *See* 18 U.S.C. § 3161(h)(1)(D). The Defendants have asked to supplement the record of the hearings on their motions to suppress evidence and statements with NCIC records and logs of VIN inquiries by law enforcement during the execution of a search warrant on April 28-29, 2017. The undersigned has permitted [Doc. 177] the Defendants to obtain these records through a subpoena duces tecum, requiring the records to be produced to the Court on May 15, 2020. Counsel for both parties may review the records, and the Defendants may file the records as a supplemental exhibit by May 29, 2020. Thereafter, the Court will prepare a report and recommendation on the Defendants' dispositive motions. The parties will need time to file objections to the report and recommendation, and the District Judge will need time to rule on the motions in light of the report and the filings. *See* 18 U.S.C. § 3161(h)(1)(H). After the litigation of the Defendants' motions is accomplished, the parties will need time to prepare the case for trial. Thus, the Court finds that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Also, the Court finds that the failure to continue the trial would deprive counsel of the reasonable time necessary to prepare effectively for trial, even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The trial of this case is **CONTINUED** to **October 6, 2020**. The Court finds that all the time between the pretrial conference on **April 27, 2020**, and the new trial date of **October 6, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(10(H), & -(7)(A)-(B); SO-20-06, SO-20-11, SO-20-12. The new deadline for filing a plea agreement and for providing reciprocal discovery is **September 7, 2020**. The deadline for filing motions *in limine* is extended to **September 21, 2020**. The parties

3

are to appear before the undersigned for a final pretrial conference on **September 22, 2020, at 10:00 a.m.** The parties must file any requests for special jury instructions no later than **September 25**, **2020**. Requests for special jury instructions must be supported by citations to authority pursuant to Local Rule 7.4.

Finally, the Court addressed Defendant Bradley Craig's May 5, 2020 date to return to custody from a medical furlough. Mr. Leonard made an oral motion to continue that report date, stating that Defendant Bradley Craig has medical appointments with his doctors in Nashville, Tennessee in mid-May. USPO Earley confirmed that the Defendant has complied with his conditions of release. AUSA Parker said the Government does not object to extending the report date at this time. He asked that the Court set a status conference to determine an appropriate report date. Defendant Bradley Craig's oral motion to extend his report date is **GRANTED**, and his May 5, 2020 report date is **STAYED**. The Defendant's release on a medical furlough is extended, on the same terms and conditions previously imposed [Doc. 162], through **May 26, 2020**. On May 26, 2020, at 10:00 a.m., the Court will conduct a telephone conference with AUSA Parker, Mr. Leonard, and USPO Earley, to set a new date for Defendant Bradley Craig to return to custody. The Clerk of Court is **DIRECTED** to provide a certified copy of this Memorandum and Order to the United States Marshals Service.

Accordingly, it is **ORDERED**:

(1) The trial of this matter is **CONTINUED**, pursuant to Standing Orders 20-06, 20-11, and 20-12, and is reset to commence on **October 6, 2020**, before the Honorable R. Leon Jordan, United States District Judge, in **Knoxville, Tennessee**;

(2) All time between the pretrial conference on **April 27, 2020**, and the new trial date of **October 6, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

4

(3) The deadline for the Defendants to file a supplemental exhibit to the suppression hearings in this case is **May 29, 2020**;

(4) The deadline for filing a plea agreement and providing reciprocal discovery is extended to **September 7, 2020**;

(5) Motions *in limine* are due on or before **September 21, 2020**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **September 22, 2020, at 10:00 a.m.**, in Greeneville, Tennessee;[1]

(7) Requests for special jury instructions, supported by citations to authority, shall be filed on or before **September 25, 2020**;

(8) Defendant Bradley Craig's oral motion to continue his date to report to the jail is **GRANTED**. Defendant Bradley Craig's medical furlough is extended through **May 26, 2020**, under the same conditions of release previously imposed. The Court will hold a telephone status conference on **May 26, 2020, at 10:00 a.m.**, to determine a new date for Defendant Bradley Craig to return to custody; and

(9) The Clerk of Court is **DIRECTED** to provide a certified copy of this Memorandum and Order to the United States Marshals Service. The Marshals shall notify the jail that Defendant Bradley Craig's May 5, 2020 report date has been **STAYED**.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge

---

[1] Whether this hearing will be in-person or by video or telephone conference will be determined at a later time.