IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-CR-105-RLJ-HBG |
| ) | |
| JERRY LEE CRAIG, and ) | |
| BRADLEY SHAWN CRAIG, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a telephonic pretrial conference on November 10, 2020. Assistant United States Attorney Andrew Cheatham Parker appeared on behalf of the Government. Assistant Federal Defenders Nikki C. Pierce and George Nicholas Wallace represented Defendant Jerry Lee Craig. Attorney David L. Leonard represented Defendant Bradley Shawn Craig. The Court acknowledged the filing of a Report and Recommendation [Doc. 227] on November 9, 2020, which recommends granting in part three motions by the Defendants to suppress evidence and statements. The Report also defers making a recommendation on the Defendants' Omnibus Motion to Suppress All Subsequent Search Warrants [Doc. 57], until it receives additional argument and evidence necessary to decide this motion.

Ms. Price made an oral motion to continue the December 1, 2020 trial date in this case to give time to complete the litigation of the pretrial motion. She asked that the deadline for objections to the Report and Recommendation also be continued until after the filing of a report

and recommendation on the Omnibus Motion to Suppress, so that the parties could respond to all the suppression motions together. Ms. Price states that she had discussed a continuance with her client, who agrees with the continuance and is waiving his speedy trial rights in relation to the oral motion. Mr. Leonard said that Defendant Bradley Craig takes no position on the oral motion to continue the trial. Mr. Leonard joined in the request to extend the deadline for filing objections to the Report. AUSA Parker joined in the oral motion to continue. He said earlier that morning, he spoke with the agents assigned to this case and asked them to document from which property the evidence relating to each count of the indictment was seized. The parties agreed on a new trial date of June 8, 2021.

The Court finds Defendant Jerry Craig's oral motion to continue the trial, which was joined by the Government, is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court observes that it has already found [Doc. 31] this case to be complex for purposes of the Speedy Trial Act, based upon the number and complexity of the charges, the voluminous discovery, and the extensive motion practice. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). As such, "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" in the Act. *Id.*

Second, the Defendants have filed numerous pretrial motions, including four motions to suppress evidence. *See* 18 U.S.C. § 3161(h)(1)(D). As noted above, the undersigned filed a Report and Recommendation on three of the suppression motions on November 9, 2020. However, the Court has deferred ruling on the fourth suppression motion [Doc. 57], because it needs additional evidence and argument with regard to this motion. The Court set new deadlines

2

for the filing of an affidavit and supplemental briefs at the telephonic hearing. The Court finds that a trial continuance is necessary to complete the litigation of pretrial motions, time for objections and responses, and time for the District Judge to rule. *See* 18 U.S.C. § 3161(h)(1)(H).

Finally, the Court finds that counsel for both parties need additional time to investigate the case, locate and interview witnesses, and prepare the case for trial. Accordingly, the Court finds that the preparations remaining to ready this case for trial cannot occur by the December 1 or in less than six months. The Court finds that a trial continuance is warranted to give counsel the reasonable time necessary to prepare for trial effectively, even taking into consideration counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The oral motion to continue the trial date is **GRANTED**, and the trial is reset to **June 8, 2021**. The Court finds that all the time between the hearing on **November 10, 2020**, and the new trial date of **June 8, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The new schedule in this case is set out in detail below.

Accordingly, it is **ORDERED** as follows:

> (1) Defendant Jerry Craig's oral motion to continue the trial, which is joined by the Government, is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **June 8, 2021**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge, in the Howard H. Baker, Jr. United States Courthouse in **Knoxville, Tennessee**;
>
> (3) All time between the **November 10, 2020** motion hearing and the new trial date of **June 8, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The Government shall have until **November 30, 2020**, to file an affidavit by a law enforcement officer documenting the location from which any property was seized during the search of the

3

Defendants' property on April 28-29, 2017;[1]

(5) The Defendants shall file a response to the affidavit on or before **December 14, 2020**;

(6) The Court requests supplemental briefs on the Omnibus Motion to Suppress [Doc. 57], addressing the effect of the Court's findings in the Report and Recommendation on the Omnibus Motion.  The supplemental briefs for all parties are due on **December 14, 2020**;

(7) The time for filing objections and responses to objections to the Report and Recommendation [Doc. 227] of November 9, 2020, shall begin to run with the filing of the report and recommendation on the Omnibus Motion and shall run simultaneously with the deadlines stated in that report;

(8)  The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **May 7, 2021**;

(9) Motions *in limine* must be filed no later than **May 21, 2021**;

(10) The parties are to appear before the undersigned for a final pretrial conference on **May 25, 2021, at 11:00 a.m.**  This pretrial conference will be conducted by telephone conference; and

(11) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4., shall be submitted to the District Judge by **May 28, 2021.**

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

---

[1] The search warrant for the Defendants' property, 254 and 265 Morrell Creek Road, was executed on April 28, 2017.  However, the testimony at the evidentiary hearings revealed that the search of the properties and the seizure of evidence continued into the early morning hours of April 29, 2017.